IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-00002-01-CR-W-HFS |
| GREGORY T. ROMAN, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Teresa A. Moore, United States Attorney and David Luna, Assistant United States Attorney, and respectfully offers this memorandum to the Court in support of its recommendation that defendant Gregory T. Roman be sentenced to 18 months incarceration, to be followed by a 3-year term of supervised release.

## BACKGROUND

On January 4, 2022, the defendant was charged by indictment with two counts of Cyberstalking pursuant to 18 U.S.C. § 2261A(2). (Doc. 6). The defendant plead guilty to Count One pursuant to a written plea agreement (PA)[1] on June 7, 2022. The parties agreed to jointly request a sentence of 18 months imprisonment to be followed by a 3-year term of supervised release. (PA ¶ 10i.)

---

[1] "PA" will refer to indicated paragraphs in the written plea agreement (Doc. 26) signed by the defendant on June 7, 2022.

In the subsequent court-ordered Presentence Investigation Report (PSR)[2], the defendant's final Guideline calculation resulted in an offense level of 19, a criminal history category of I, and a suggested Guideline imprisonment range of 30 to 37 months. (PSR ¶ 61.)

Notably, the PSR recommends a 4-level enhancement pursuant to U.S.S.G. §§2A6.2(b)(1)(D) and (b)(1)(E). Pursuant to the plea agreement the parties took the position that no specific offense characteristic enhancements are applicable under U.S.S.G. §§2A6.2(b)(1). Consistent with that agreement, the defendant has objected to the PSR's recommendation of the 4-level enhancement in the Addendum to the PSR. (PSR pages 18-19). Likewise, the Government joins the defendant in his opposition to the recommended enhancement and stands by its position in the Plea Agreement that no specific offense characteristics under U.S.S.G. §§2A6.2(b)(1) are applicable to the specific facts of this case.

Should the Court agree that the specific offense characteristics under U.S.S.G. §§2A6.2(b)(1) suggested by the PSR do not apply, the adjustment will result in an offense level of 15 and a suggested Guideline imprisonment range of 18 to 24 months. The parties understand, however, that their agreement reference the recommended Guidelines is not binding upon the Court and the Court may impose any sentence authorized by law. Nevertheless, even assuming that the Court finds that any enhancements under U.S.S.G. §2A6.2(b)(1) apply, the Government maintains that a sentence of 18 months imprisonment is appropriate in this particular case upon consideration of all the 18 U.S.C. § 3553(a) sentencing factors.

---

[2] "PSR" will refer to paragraphs of the final Presentence Investigation Report (Doc. 27) which were not objected to by the defendant, unless otherwise noted.

# GOVERNMENT'S SENTENCING RECOMMENDATION

The Plea Agreement and PSR state the relevant facts in detail. The Government will not restate them in this memorandum. Although the defendant was charged with two counts of Cyberstalking of separate individuals, the United States (in consultation with the victims of both counts) determined that the proposed resolution of this case, including the dismissal of Count 2, satisfies the interests of justice. The evidence is sufficient to prove that the defendant is guilty beyond a reasonable doubt of the offense charged in Count Two and the defendant has admitted to the conduct supporting that offense in the Plea Agreement. (PA,¶ 3.) The United States, however, fashioned the plea agreement to dismiss Count Two and make a joint recommendation for an 18-month sentence of imprisonment following: multiple and lengthy consultations with both victims resulting in their assent to the plea agreement; the stated primary desire of both victims that the defendant not be sentenced to more than the proposed term of imprisonment and that subsequent supervision include mental health treatment and counseling as well as an order that the defendant have no contact with the victims; an evaluation of the nature and content of the verbal threats made by the defendant giving rise to both counts; the absence of evidence of any effort by the defendant to physically carry out the threats to the victims or contact the victims since the offense conduct; and a careful review of the defendant's history and characteristics as summarized in the PSR to include the absence of any additional criminal conduct. (PSR, ¶¶ 36-57.)

In determining an appropriate sentence, the Court is required to consider the nature and circumstances of the offense of conviction and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court must also examine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2), (A) and (C).

Finally, the Court is also required to consider the sentencing range recommended by the advisory United States Sentencing Guidelines. 18 U.S.C § 3553(a)(3) and (a)(4). The United States has considered each of these factors in fashioning the plea agreement in this case and suggests that the recommended sentence of 18 months, followed by a 3-year term of supervised release, is an appropriate and just sentence for this particular defendant given the specific circumstances of this case.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court sentence the defendant to a term of 18 months imprisonment, followed by a 3-year term of supervised release.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By  */s/ David Luna*

David Luna
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 15, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                                */s/ David Luna*
                                                                David Luna
                                                                Assistant United States Attorney